## WASATCH COAL CO. v. BALDWIN et al.

No. 3786.   Decided June 27, 1922.   Rehearing denied August 20,
1922.   (208 Pac. 1109.)

1. RAILROADS—FEDERAL TRANSPORTATION ACT, CONTINUING RATES IN
    FORCE AT TERMINATION OF FEDERAL CONTROL, HELD TO SUSPEND
    LONG AND SHORT HAUL PROVISION OF STATE LAW.   Transporta-
    tion Act Feb. 28, 1920, § 208 (a), continuing in force until
    thereafter changed by state or federal authority, rates in effect
    February 29, 1920, at the termination of federal control, on
    lines subject to the Interstate Commerce Act (24 Stat. 379),
    prohibited the change or alteration of rates then in force, ex-
    cept as therein specifically provided, and suspended and ren-
    dered inoperative the long and short haul provision of Comp.
    Laws 1917, § 4793, subd. 1.

2. RAILROADS—RATE PROVISION OF FEDERAL TRANSPORTATION ACT
    VALID.   Transportation Act Feb. 28, 1920, § 208 (a), continuing
    in force rates in effect February 29, 1920, at the termination of
    federal control, is constitutional, under the war power conferred
    on Congress.

Appeal from District Court, Third District, Salt Lake
County; *G. A. Iverson,* Judge.

Action by the Wasatch Coal Company against A. R. Bald-
win, receiver, etc., and the Denver & Rio Grande Western
Railroad Company.   From a judgment dismissing the action,
plaintiff appeals.

AFFIRMED.

*Ball, Musser & Robertson,* of Salt Lake City, for appellant.

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for re-
spondents.

THURMAN, J.

This is an action against defendant railroad company and

the receiver of its assets and property to recover a money judgment for damages alleged to have been caused by certain discriminatory overcharges made by defendants in the trans-- portation of coal from Carbon county, Utah, to Salt Lake City. The complaint, as modified and limited by stipulation of the parties, shows that the coal was shipped over the defendants' railroad from Standardville, Cameron, Rains, and Sunnyside, in Carbon county, Utah, to the plaintiff and its assignors, in Salt Lake City, at various times between March 1, 1920, and September 1 of the same year; that plaintiff was compelled to pay freight charges therefor at the rate of $2.10 per ton from each of said points of origin, except Sunnyside, from which point the charges were $2.20 per ton. It further appears from the complaint, as modified and limited by the stipulation referred to, that during the same period of time the defendants transported coal for various other persons over its said railroad from said points of origin in Carbon county, via Salt Lake City, and thence on over the Western Pacific Railroad to Ellerbeck, Flux, and Dolomite, in the state of Utah, and charged the shippers for transporting the same, only $2 per ton, except the shipments from Sunnyside, for which the charges were $2.10 per ton. The trial court sustained a general demurrer to the complaint, and entered judgment dismissing the action. From the judgment so entered, plaintiff appeals.

Appellant's contention is that the freight charges of which appellant complains were made in violation of the long and short haul provisions of the Public Utilities Act (Comp. Laws Utah 1917, § 4793, subd. 1) which reads:

"No common carrier subject to the provisions of this title shall charge or receive any greater compensation in the aggregate for transportation of persons or of like kind of property for a shorter than for longer distance over the same line or route, in the same direction, within this state, the shorter being included within the longer distance, or charge any greater compensation as a through rate than the aggregate of the intermediate rates; but this shall not be construed as authorizing any such common carrier to charge or receive as great a compensation for a shorter as for a longer distance or haul."

In reply to appellant's contention, respondents quote and
rely on the United States statute—Transportation Act 1920,
§ 208 (a), 41 Stat. 464—the provisions of which are as
follows:

"All rates, fares, and charges, and àll classifications, regulations,
and practices, in any wise changing, affecting, or determining, any
part or the aggregate of rates, fares, or charges, or the value of the
service rendered, which on February 29, 1920, are in effect on the
lines of carriers subject to the Interstate Commerce Act, shall con-
tinue in force and effect until thereafter changed by state or federal
authority, respectively, or pursuant to authority of law; but prior
to September 1, 1920, no such rate, fare, or charge shall be reduced
and no such classification, regulation, or practice shall be changed
in such manner as to reduce any such rate, fare, or charge, unless
such reduction or change is approved by the Commission."

It is admitted that all of the freight rates above specified
between the points mentioned were in full force and effect
February 29, 1920, when the Transportation Act was enacted.
It is also admitted that the defendants' railroad and the
Western Pacific Railroad were physically connected, so as to
constitute a continuous line.  Respondents' contention is that
the provisions of the long and short haul statute, supra, were·
suspended and held in abeyance by the terms of the federal
statute above quoted during the entire period of time in
which plaintiff alleges the wrongs and grievances complained
of were committed.

It must be conceded that the language of section 208 (a),
Transportation Act 1920, is exceedingly plain and compre-
hensive, and if construed literally undoubtedly prohib-
ited defendants from changing or altering the rates in        1
force when the Transportation Act was enacted, except
as therein specifically provided.  Appellant cites the follow-
ing cases in support of its contention that the complaint states
a cause of action: *Southern Pacific Co.* v. *California Adjust-
ment Co.*, 237 Fed. 955, 150 C. C. A. 604; *California Ad-
justment Co.* v. *A., T. & S. F. Ry. Co.*, 179 Cal. 140, 175 Pac.
684, 13 A. L. R. 274; *Southern Pacific Co.* v. *Superior Court*,
27 Cal. App. 240, 150 Pac. 397, 404; *McGrew Coal Co.* v. *Mo.
Pac. Ry. Co.* (Mo. Sup.) 217 S. W. 984.

If we leave the Transportation Act of 1920 out of consid-

eration, there can be no question but that plaintiff's complaint states a cause of action for violation of the long and short haul provisions of the Utah statute. The language of the complaint is plain and unambiguous, and brings the case within the literal meaning of the statute. It was not necessary to cite authority in support of the complaint, if we assume that the Utah statute was not suspended by the Transportation Act during the period from March 1 to September 1, 1920.

The sole question, therefore, to be determined on this appeal, as we view the case, is: Was the long and short haul provision of the Utah statute suspended and rendered inoperative by the provisions of section 208 (a), Transportation Act of 1920, during the months above referred to?

Respondents take the position that the Transportation Act did, by the literal terms of section 208 (a), suspend the operation of the Utah statute during the period mentioned, and that the only question to be determined is the constitutionality of the Transportation Act. In support of its constitutionality counsel for respondents rely on the following cases: *Northern Pacific R. Co.* v. *North Dakota,* 250 U. S. 135, 39 Sup. Ct. 502, 63 L. Ed. 897; *Michigan Cent. R. R. Co.* v. *Michigan P. U. C.* (D. C.) 271 Fed. 319; *Public Service Comm.* v. *N. Y. Cent. R. R. Co.,* 230 N. Y. 149, 129 N. E. 455, 14 A. L. R. 449; *Stein* v. *C. & A. R. Co.,* P. U. R. 1920C, 263. The cases referred to clearly demonstrate        2 the constitutionality of the statute under the war power conferred upon Congress by the federal Constitution.

Appellant makes the further contention that respondents might have obtained a reduction of the rates of which appellant complains by application to the Interstate Commerce Commission, or that they might have obtained an increase of the rates from Carbon county points to points on the Western Pacific by application to the Public Utilities Commission of the state. It is contended that in either case the violation of the long and short haul provision of the Utah statute could have been avoided. Assuming that appellant's position is correct, that respondents might have taken the course suggested, still unless they were legally bound to do so, I do not

see how the suggestion of appellant in any manner fortifies or strengthens its cause of action. ~ Our attention has not been called to any law or authority which made it obligatory upon respondents to take that course.

It is by no means certain that the Interstate Commerce Commission would have reduced the rate of which appellant complains, especially as one of the reasons for prohibiting the railroads from making a reduction during the period mentioned undoubtedly was to safeguard the federal government against increased liability on account of certain guaranties it made the railroad companies. It is equally uncertain that the Public Utilities Commission of the state would have increased the rate to the Western Pacific points, as no doubt any attempt to establish such increase would have been strenuously resisted by those interested in maintaining the lower rate.

The court is of opinion the complaint is fatally defective, and that the court did not err in sustaining defendants' demurrer thereto. The judgment of the trial court, dismissing the action, is affirmed, at appellant's cost.

### On Application for Rehearing.

In the opinion heretofore rendered, after reaching a conclusion as to the merits of the appeal, the court referred to the fact that appellant might have applied to the Interstate Commerce Commission for a redress of its wrongs. The court, however, expressly stated that it did not base its decision upon that ground. Notwithstanding this suggestion, appellant, on application for rehearing, vigorously contends that the Interstate Commerce Commission was without jurisdiction to give relief. Authorities are cited in support of that contention. Respondent has filed answer to the same. It is not necessary to incumber the opinion with a detailed discussion of the question. The opinion will therefore be modified, by omitting that portion relating to the power of the Interstate Commerce Commission to grant relief.

With this modification, the application for rehearing will be denied.

CORFMAN, C. J., and WEBER, GIDEON, and FRICK, JJ., concur.